HILL *v.* CITY OF HATTIESBURG.

No. 39477          February 14, 1955          77 So. 2d 827

*Dudley W. Conner,* Hattiesburg, for appellant.

*C. W. Sullivan*, Hattiesburg, for appellee.

Lee, J.

On October 2, 1953, E. J. Barksdale, Chief of the Fire Department of the City of Hattiesburg, by a written communication, discharged C. H. Hill, an employee, for the following causes:

"1.  You voluntarily left your job at about 1:30 P. M. September 25, 1953 without permission and have refused to return to it.

"2.  You have refused to obey the orders and instructions given you by the Chief of the Department in that you have refused to drive the fire truck at Number 3 Fire Station."

The action of the chief was ratified, approved, and confirmed by the mayor and commissioners on October 5, 1953. Two days later, Hill filed with the Civil Service Commission a written demand for an investigation, as provided for by Section 3825-11, Code of 1942 Anno.

The hearing was begun on December 7th thereafter, and was concluded three days later. The Commission found that, in its estimation, the evidence was conclusive and sustained the written charges; that Hill was not discharged for political or religious reasons, but in good faith and for cause; and approved and ratified the action of the chief and of the mayor and commissioners.

On Hill's appeal to the circuit court, the judge thereof heard the cause on the record, which included the transcript of the evidence which was taken before the Civil Service Commission; and adjudged that the evidence was "sufficiently substantial to constitute a cause for the removal * * * and that the Civil Service Commission * * * acted in good faith for cause in affirming the action of the Mayor and Commissioners of the City of Hattiesburg in discharging the said C. H. Hill;" and affirmed the cause. From that judgment, Hill appealed.

The sole question before the Commission was whether or not Hill was discharged in good faith for cause.

Without going into detail, it is sufficient to say that the evidence for the City showed that Hill wanted to move from the No. 3 Fire Station because of some personal trouble with one Charlie Pickle, whose home was adjacent to the fire station; that the City had no other place for him to work; that Hill then began to complain about the brakes on the fire truck, which were, to some extent, defective; that the City had the brakes repaired several times, and finally sent the truck to an expert, who repaired the brakes thoroughly and put them in safe condition; but that Hill continued to find something wrong, refused to drive the truck, and left the job; that

his acts and conduct constituted insubordination; and for that reason, he was discharged. About nine witnesses were offered by the City to uphold its contention. It was conceded that Hill, during his eleven years of service with the City, had been a satisfactory and loyal employee.

On the other hand, it was the appellant's version that the brakes on the truck were bad; that the City would not remedy the condition; that he was afraid both for his own safety and that of the general public to drive the truck; that he asked for a transfer to another station, or that he be given other work, but that the City would grant neither of his requests; and that he was thus compelled to, and did, refuse to drive the truck. One of the witnesses had not driven the truck since 1949, and another had not done so since 1951.

The appellant contends that the evidence of the City's good faith and as to cause was not conclusive, and that the case should be reversed and a judgment entered for him in this Court.

The evidence was conflicting. Consequently the duty devolved upon the Commission as the trier of the facts, to determine what the real facts were in connection with the discharge. They saw and heard the witnesses, and observed their demeanor. They found that the evidence was "conclusive" that the discharge was made in good faith for cause. This, of course, meant "to a moral certainty" or "beyond a reasonable doubt." Covington v. Fite, 120 Miss. 421, 82 So. 308. There is no sufficient basis upon which it can be said, under the disputed facts, that the Commission was not warranted in the finding which it made.

The appellant also contends that he was entitled to a jury trial in the Circuit Court.

In the case of City of Meridian v. Davidson, 211 Miss. 683, 53 So. 2d 48, this Court held that, in this kind of case, "there is no proper function for a jury to perform

on an appeal to the Circuit Court when the case is re-
viewed solely on the transcript of the record made before
the commission to determine as a matter of law whether
or not there is a basis in substantial evidence of its good
faith, that is to say whether the judgment rendered by
the commission 'was or was not made in good faith for
cause'.'' Hence there was no error in disallowing the
requested jury trial.

From which it follows that this cause must be, and
is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Holmes, Arrington,* and *Ethridge,
JJ.,* concur.